```
                UNITED STATES DISTRICT COURT      FILED
                   DISTRICT OF CONNECTICUT

JOSUE CRUZ,                                   2012 OCT -4  A 11: 15
         Plaintiff,
                                              PRISONER
    v.                                        CASE NO. 3:11-cv-1538(RNC)

JOHN DOE BADGE NO.212, et al.,
         Defendants.
```

### RULING AND ORDER

The plaintiff was incarcerated when he filed this action pro se under 42 U.S.C. § 1983. Named as defendants in the caption of the complaint are John Doe Waterbury Police Officer Badge Number 212, two other John Doe Waterbury Police Officers, the Waterbury Police Department and a K-9 Waterbury Police Dog. In the section of the complaint entitled "statement of the case," the plaintiff makes allegations against Waterbury Police Officer Zetnek of the K-9 unit. It is apparent that the plaintiff intends to sue Officer Zentek and the omission of his name from the caption of the complaint was an oversight. Accordingly, the Court treats the complaint as if the caption named Officer Zentek as a defendant.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review a prisoner's complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. To withstand this initial review, "a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

The complaint alleges the following. On August 12, 2011, two Waterbury Police Officers, John Doe Badge Number 212 and his partner John Doe, arrested the plaintiff on Waterville Street, placed him in handcuffs then struck him on the back with a heavy object. The officers put the plaintiff in their car, drove to an area behind the Auto Zone store on West Main Street, and called Officer Zentek in the K-9 Unit to come to that location. While waiting for Officer Zentek, the arresting officers told the plaintiff they were going to teach him a lesson. When Officer Zentek arrived with a K-9 Police dog, Officers John Doe Badge Number 212 and his partner John Doe pulled the plaintiff out of the car, put him on the ground and punched and kicked him. Officer Zentek then ordered the K-9 Police dog to attack the plaintiff. The dog bit the plaintiff on the back, arm, shoulder and testicle. A Waterbury Police Sergeant subsequently arrived at the scene and called an ambulance to take the plaintiff to St. Mary's Hospital, where the plaintiff's injuries required thirty-five stitches. The plaintiff remained in the hospital overnight

and was then transported to the Waterbury Police Station. The plaintiff's wounds became infected over the weekend, but the police refused to bring him to the hospital. The plaintiff claims that he was subjected to excessive force and seeks money damages.

The plaintiff's allegations are sufficient to support claims for damages for excessive force in violation of the Fourth Amendment against John Doe Officer Badge Number 212, his partner John Doe Officer, and Officer Zentek. However, the Waterbury Police Department and the police dog are not subject to suit under 42 U.S.C. § 1983. *See Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005); *Fitzgerald v. McKenna*, 95 Civ. 9075(DAB)(HBP), 1996 WL 715531, at *7 (S.D.N.Y. Dec. 11, 1996).

Accordingly, it is hereby ordered:

(1) The § 1983 claims for money damages for excessive force will proceed against the defendants John Doe Waterbury Police Officer Badge Number 212, his partner John Doe Waterbury Police Officer, and Officer Zentek in their individual capacities.

(2) The claims against the Waterbury Police Department and K-9 Waterbury Police Dog are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

(3) The plaintiff is hereby notified that the U.S. Marshal cannot serve a complaint on police officers without the officer's name or badge number. The plaintiff will have 90 days from the

date of this order to conduct discovery and file a notice identifying the second John Doe officer by name or badge number (in other words, the second arresting officer referred to in the complaint).  If the plaintiff fails to file the notice within the time specified, the claims against this defendant will be dismissed and the case will proceed only as to the claims against Waterbury Police Officer Badge Number 212 and Officer Zentek.

    (4)  Within 14 days of this Order, the Pro Se Prisoner Litigation Office will mail a waiver of service of process request packet to defendant Waterbury Police Officer Badge Number 212 and Waterbury Police Officer Zentek in their individual capacities at the Waterbury Police Department, 255 East Main Street, Waterbury, CT 06702.  On the 35th day after mailing, the Pro Se Office will report to the court on the status of this waiver request.  If the defendant fails to return the waiver request, the Clerk will make arrangements for in-person service by the U.S. Marshal and the defendant will be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

    (5)  The Pro Se Prisoner Litigation Office will send written notice to the plaintiff of the status of this action, along with a copy of this order.

    (6)  Defendant Officer Badge Number 212 and Officer Zentek will file a response to the complaint, either an answer or motion to dismiss, within 70 days from the date of this order.

4

(7)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, will be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(8)  All motions for summary judgment will be filed within eight months (240 days) from the date of this order.

(9)  The court has recently become aware that the plaintiff is no longer incarcerated.  Local Rule 83.1(c) requires a *pro se* party to provide the Court with a written notice containing an address in Connecticut where he can be served with motions, pleadings and other court documents filed in the case.  **Within twenty days of the date of this order, the plaintiff must file a notice stating his current mailing address in Connecticut.  The court hereby notifies the plaintiff that failure to file a notice of his current mailing address may result in dismissal of this case without further notice.**

So ordered this 3rd day of October 2012.

```
                              _____/s_____
                              Robert N. Chatigny
                              United States District Judge
```